UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANA C. PERRY,<br><br>    Petitioner,<br><br>v.<br><br>MATTHEW CATES,<br><br>    Respondent. | CASE NO. CV 10-46 JVS (FFM)<br><br>ORDER ACCEPTING FINDINGS, CONCLUSIONS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

The Court has carefully reviewed Petitioner's objections. (Notice of Opposition, p. 1.) His pleading goes beyond mere differences of opinion and claims of error in the Report and Recommendation. The Court addresses these matters before considering adoption of the Report and Recommendation.

He begins the substantive portion of his objections with the following statement: "The Honorable Magistrate Judge Frederick M. Mumm, has with "Bias and Prejudice" erroneously filed and recommended to the District Court Judge James V. Selna, that petitioner's writ of habeas corpus be [Denied] and the case dismissed with prejudice . . . ." (Id, p. 2; capitalization, punctuation, and brackets per original.) Elsewhere he continues, "Magistrate Judge Frederick M. Mumm has shown a 'Blind Eye' to this Habeas Corpus [petition] . . .." (Id., p. 3.) He accuses the Magistrate Judge of "deliberating evad[ing] redressing all of the Constitutional Rights violations" alleged in

1  the petition, and "maliciously refus[ing] to redress the five grounds for relief." (Id., pp.
2  9, 14.)

4  The Court finds that Petitioner has accused the Magistrate Judge of bias and
5  prejudice which are grounds for recusal. 28 U.S.C. § 455(a). Accordingly, the Court
6  deems the pleading a motion for recusal.

8  Section 455(a) provides a broad, fact-driven rule for disqualification: "Any
9  justice, judge, or magistrate judge of the United States shall disqualify himself in any
10 proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. §
11 455(a). The fact that a judge has made rulings adverse to a party, standing alone, is not a
12 basis for disqualification. Liteky v. United States, 510 U.S. 540, 555 (1994); United
13 States v. Hernandez-Escarsega, 886 F.2d 1560, 1581 (9th Cir. 1989). "Conclusory
14 allegations . . .do not justify disqualification and are not protected from judicial
15 scrutiny." Hayes v. Nat'l Football League, 463 F.Supp. 1174, 1179 (C.D. Cal. 1979).

17 Petitioner has offered no factual basis for his allegations of bias and neglect of
18 duty. He points to no outside influence. See Craven v. Unites States, 22 F.2d 605, 607
19 (1st Cir. 1927); accord United States v. Carignan, 600 F.2d 762, 763-64 (9th Cir. 1979).
20 Even if Petitioner were correct is his challenge to the Magistrate Judge's legal rulings,
21 that would not be sufficient for recusal. Liteky v. United States, 510 U.S. at 555.
22 Petitioner's remedy for errors in the Report and Recommendation is through the
23 objection process, which he has addressed with vigor, and thereafter through appeal to
24 the Court of Appeals.

26 The Court finds no basis to recuse the Magistrate Judge.

1  Pursuant to 28 U.S.C. § 636, the Court has reviewed the entire record in this
2  action, the attached Report and Recommendation of United States Magistrate Judge
3  ("Report"), and the objections thereto. Good cause appearing, the Court concurs with
4  and accepts the findings of fact, conclusions of law, and recommendations contained in
5  the Report after having made a de novo determination of the portions to which
6  objections were directed.

8  IT IS ORDERED that judgment be entered dismissing the Petition on the merits
9  with prejudice.

11 DATED: June 22, 2012

                                    _____
                                         JAMES V. SELNA
                                    United States District Judge

3